Mr. Justice James
delivered the opinion of the court.
The plaintiff claims that the shoes contracted for were, within the meaning of section 129 of the Revised Statutes, relating to the District, a matter having relation to the stock of shoes already owned by the defendant in her separate estate, because a stock of shoes is made up of assorted sizes in certain proportions, and is kept in a merchantable condition by such additions from time to time. A subtle assumption is involved in this proposition, namely, that the separate estate of the wife in this case consisted, not of mere articles of personal property, but of such property *421 clothed in contemplation of law with peculiar qualities, because it is used by her as a sole trader. In short, the suggested relation between the articles contracted for and those already owned by her can be established only by showing that she is authorized by this statute to make any contract which may be necessary to the success of her business as a sole trader. Without this condition there can be no relation between the several lots of shoes.
We think it has been settled by former decisions of this court that this section confers no such capacity. Ritch vs. Hyatt, 3 Mac A., 536, and Schneider vs. Garland, 1 Mackey, 350.
It is next claimed that even if this contract does not fall within the meaning of section 729, as a contract in a matter having relation to her separate estate, the defendant nevertheless had power, under section 727, to acquire property by purchase, just as a feme sole may so acquire property ; and that, if she may acquire property by purchase, she may acquire it on the usual terms of purchase for a consideration, and therefore may bind herself to pay the consideration. The section referred to is in the following words: “In the District the right of a married woman to any property, personal or real, belonging to her at the time of the marriage, or acquired during marriage, in any other way than by gift or a nveyance from her husband, shall be as absolute as if she were unmarried,” etc. It is claimed that these words recognize her capacity to acquire, and in part give her capacity to acquire property in any of the ways by which property is acquired, and that they consequently give her the power to make a contract to pay for it.
This section does not pretend to regulate her capacity to acquire or her capacity to make contracts connected with, or with a view to acquisition. It deals simply with the completeness and absoluteness of her right to property acquired by her, in ways already known to the common law. In a word, it regulates her status as a proprietor, and not her power to make contracts. That subject is left wholly to, and is regulated exclusively by section 729. The fact *422 that this subject is taken up and disposed of in a separate clause or section excludes any implication that another section in any way affects the same matter.
The consideration of hardship and fraud upon creditors is entitled to no weight. It is their duty to know the law relating to the capacity of married women, just as they must be held to know the law as to the capacities of infants. If they deal in ignorance, they must accept the consequences. Certainly it is not for us to add to or strain this statute. Our duty is simply to construe it.
Judgment affirmed.
Mr. Justice Mac Arthur dissented.